IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Petitioner,<br><br>vs.<br><br>SECOND JUDICIAL COURT,<br>VIRGINIA HILL, et al.,<br><br>Respondents. | Cause No. CV 16-79-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On August 15, 2016, Ray Dean Wilson filed a document with this Court which was construed as an application for writ of habeas corpus under 28 U.S.C. § 2241. Wilson is a state prisoner proceeding pro se.

Mr. Wilson seemed to claim that the State of Montana was holding and medicating him against his will at the Montana State Hospital. *See generally* (Doc. 1.) Mr. Wilson then filed various supplements to his petition. (Docs. 3, 7, 8, 10, 12, 14, and 15.) In addition, Mr. Wilson filed a motion for summary judgment. (Doc. 4.)

On October 21, 2016, the State filed its Answer to Mr. Wilson's petition. (Doc. 13). In its response, the State clarified that on June 10, 2016, an order was entered in the Second Judicial District Court, upon motion by Mr. Wilson's counsel, placing Mr. Wilson at the Montana State Hospital for an evaluation to

1

determine his competency to stand trial. *Id*. at 4. The evaluation was completed on September 1, 2016. *Id*. at 5. The State informed the Court that Mr. Wilson was found not to be fit to proceed, that the criminal charges pending against him had been dismissed with prejudice, and that Mr. Wilson's bond had been exonerated, thus, there was no further restraint upon his liberty. *Id*. at 5-7. The State also informed the Court based on information obtained from Mr. Wilson's mental health social worker, that there was no reason to believe that Mr. Wilson had been involuntarily medicated during his time at the Montana State Hospital. *Id*. at 6.

## I.     Motion for Summary Judgment

In his motion for summary judgment, Mr. Wilson appears to argue that it was unlawful to hold him past the time required to complete the evaluation. As discussed further below, the issue of the restraint on Mr. Wilson's liberty is now moot. Regardless, summary judgment is not appropriate here because Mr. Wilson has failed to demonstrate "that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986). Because viewing the evidence in the light most favorable to the State, this issue could be resolved in the State's favor; Mr. Wilson's motion for summary judgment (doc. 4) should be denied. *Anderson*, 477 U.S. at 248-49.

## II. Habeas Petition

As set forth above, the claims Mr. Wilson raises in his petition stem from his commitment to the Montana State Hospital. Mr. Wilson has now been released from the state hospital, his bond has been exonerated, and the criminal charges pending against him have been dismissed with prejudice. There is no longer any restraint on Mr. Wilson's liberty. His petition should be denied in its entirety as moot.

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. *Id*. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id*. (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990)). A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court. *Spencer*, 523 U.S. at 7. If a conviction carries collateral consequences, the expiration of a sentence does not moot a habeas petition because the habeas court can still grant relief from the disabilities or burdens flowing from the conviction. *Carafas v. LaVallee*, 391 U.S. 234, 237-38

3

(1968).

In the present case, once the evaluation was complete, the criminal charges against Mr. Wilson were dismissed with prejudice and the restraint on his liberty was removed. There is no possibility that the state can seek to prosecute Wilson for the same criminal acts anew. Moreover, this is not a situation, such as those dealing with civil commitments of specified sexual offenders, whereby those individuals can be civilly recommitted following the expiration of a term of commitment. *See e.g. Hubbart v. Knapp*, 379 F. 3d 773,777 (9th Cir. 2004) (habeas petition not moot because claims fell within the "capable of repetition yet evading review" exception to mootness doctrine); *Carty v. Nelson*, 426 F. 3d 1064, 1072 99th Cir. 2005) (habeas petition not moot following expiration of commitment term, because due process challenge to initial and second commitment could relieve him of additional reporting requirements imposed on certain sexual offenders).

The State has not placed any reporting requirements or other collateral consequences upon Mr. Wilson. Moreover, there is no mechanism available to the State to seek the recommitment of Mr. Wilson flowing from the same allegations that had previously been lodged against him. All charges were dismissed with prejudice. Thus, Mr. Wilson is currently under no burdens or disabilities from which this Court could grant relief. Further, Mr. Wilson is unable to meet the

case-or-controversy requirement for the justiciability of his claim under Article III, Section 2 of the United States Constitution. Mr. Wilson's claims are now moot.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Wilson has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Wilson's motion for summary judgment (doc. 4) should be DENIED.

2. Mr. Wilson's petition (doc. 1) should be DENIED as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wilson may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wilson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 24th day of October 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.